JOHN S. WHEELER

*v.*

MARGARET DAWSON.

1. DOWER—*assignment—improvements by widow.* A widow who occupies the lands of her deceased husband without payment of rent to the heirs at law, has no right to charge the heirs with the taxes paid thereon by her, nor to build houses, stables, or break prairie and reduce wild land to cultivation at the expense or charge of the heirs. And where the lands are sold because not susceptible of division, she releasing her dower in the land, it is error for the court to allow her for such taxes and improvements

2. SAME—*lien for claim against estate.* On bill by the heir for the assignment of the widow's dower, the court allowed the widow a claim established in her favor as administratrix, for debts of the estate, paid by her, to be paid out of the proceeds arising from the sale of the land: *Held,* no error, as such claim was an equitable lien, and not barred.

3. JUDGMENT OF COUNTY COURT—*settlement of administrator's account.* Where an administratrix of an estate was allowed, on final settlement, a

certain sum in her favor, on account of debts of the estate paid by her, it was *held*, that she thereby became a creditor of the estate to the amount allowed her, and that the order of the county court was conclusive until reversed on appeal or impeached by bill in chancery showing a mistake in her account.

4. INTEREST. The allowance of a claim against an estate by the county court, like any other judgment, draws interest from its rendition.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. DALE & BURNETT, for the appellant.

Mr. A. W. METCALF, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed in the court below for the assignment of dower and partition of certain real estate.

It appears that appellant holds the fee to 44-90 of the premises in question, and that a portion of the heirs of Wm. Hall, deceased, own the remainder, the bill setting out their several interests. Appellee answered, and filed a cross bill, claiming dower in the lands, as the widow of William Hall, deceased; also a claim allowed her by the probate court against her husband's estate for debts paid by her, amounting to $341, with interest from the 5th day of March, 1851; also for money expended in improving the premises; all of which she claims was a lien on the premises.

The cause was heard and the rights of the parties settled; commissioners were appointed to make partition, who reported that the premises were not susceptible of division; and Mrs. Dawson consenting that her dower might be sold, the court decreed a sale of the premises free from dower. The master reported a sale, and the court decreed a distribution of the fund amongst the parties in interest, and that the master pay Mrs. Dawson for improvements made upon the land, being

$152, and her claim against the estate, computed at $745.40; from which an appeal is prosecuted to this court.

It is first objected that the court erred in allowing the widow for improvements placed upon the land. It appears that she, with her family, resided upon and had the use of the land from the time of the death of Hall until this suit was brought. She held it free of rent, as her dower was not assigned her. Being entitled to use and occupy the same without accounting for the profits and gains made from it, no one would say that she should not, in justice and equity, pay the taxes and keep the premises in repair. We are aware of no principle of law or equity that would impose the duty on the heirs to pay the taxes and keep up the repairs of the farm for the use of the widow when she is in the receipt of all the rents and profits. Nor had she the right, at the expense of the heirs, to erect the stable and clear the land. She simply had the legal right to hold the premises free from rent until her dower should be assigned to her. The law has not clothed her with the right, as widow, to improve the property and compel the heirs to pay therefor or subject the land to its payment. If she has the right to clear land at all, and is not impeachable for waste, it must be at her own charge. Or, if she builds houses, it must be at her own expense. She has no right to improve the heirs, it may be, out of their property. She may repair the premises or build houses for her own convenience and profit, but not at the expense of the owner of the fee any more than any other tenant or occupant.

Nor is there any hardship in this case. The widow enjoyed the use, rents and profits of the land that she had reduced to cultivation, long enough to amply repay all expenditures for the purpose; and she had the use of the stable in like manner. And so of the repairs made to the houses, fences, etc. In allowing for these repairs and improvements, the court below erred.

We now come to the question whether the widow was entitled to a lien on the premises for the $341 allowed her

against her husband's estate, for moneys paid by her on the debts of the estate. She thereby became a creditor of the estate, and entitled to all the rights of any other creditor of the same class. Nor can the order of the court be impeached in this proceeding by showing that a mistake was made in an addition of her accounts. That might have been shown on appeal from the order making the allowance; or on a bill to impeach the final settlement, but when allowed, and standing unreversed, it is final and conclusive in a collateral proceeding.

Again, such an allowance, like a judgment, draws interest. It is in the nature of a judgment. It finds the indebtedness and orders its payment. It is final between the parties to it, and being a judgment, like any other it must be held to draw interest until it is paid or otherwise discharged. Like a judgment of a court of record, it becomes a lien on the land of the intestate, in equity; and the lien may be enforced by bill at any time before superior equities intervene.

But it is urged that this claim was barred by lapse of time, and the case of McCoy v. Morrow, 18 Ill. 519, is referred to as sustaining the position. This case is unlike that in several of its essential features. In that case there had been an alienation by the heir for a sufficient consideration, and, so far as we can see, without notice of the claim against the estate. In this case, on the other hand, the purchaser knew of and recognized this claim. In corresponding with one of the heirs for the purchase of his wife's interest in the land, he there refers specifically to this claim, and says it is a lien on the land; and we may safely infer that he received a deduction from the price by reason of the allowance. In that case it was said that, where the land had been alienated by the heir, the creditor must pursue and enforce his claim in a reasonable time after the sale, and that in such cases seven years, in analogy to the statute of limitations, and the liens of judgments, would be reasonable.

In this case that period had not elapsed, and hence the rule there announced does not apply. But though that period had elapsed when appellant purchased, the claim was not barred against the heirs of whom he was purchasing, and he purchased subject to the lien, and seven years had not elapsed after he purchased. The land was still liable to the lien, and the fund arising from its sale was likewise equally liable, and the court decided correctly in decreeing its payment with interest.

But, for the error indicated, the decree of the court below, in so far as it allows pay for improvements, must be reversed and the cause remanded.'

*Decree reversed.*