Spinning *v.* Spinning.

WILLIAM H. SPINNING

*v.*

HARRIET SPINNING.

A widow in possession under the second section of the statute concerning
dower, giving her the right to hold her husband's homestead until her dower
is assigned, is not a tenant for life, and is not, therefore, bound to keep down
interest on an encumbrance, and to pay taxes, and to make necessary annual
repairs.

On final hearing on bill and answer, and proofs taken in open court.

*Mr. Franklin M. Olds,* for complainant.

*Mr. Samuel H. Pennington,* for the widow.

VAN FLEET, V. C.

The only question in dispute in this case is whether a widow, who remains in the house of her husband after his death until dower is assigned, is, while so in possession, subject to the duties of a tenant for life ; that is, bound to keep down the interest on encumbrances, to pay ordinary taxes, and to make necessary annual repairs ? It is well settled that these burdens must be borne by a life tenant. *1 Washb. Real Prop. p. 96* §§ *25, 25 a, p. 115* § *31; 1 Story's Eq. Jur.* § *488.* And a tenant in dower, like other life tenants, is subject to them. *4 Kent's Com. 75; 2 Scrib. on Dow. 733.* This obligation has been extended in this state so as to make it the duty of a person entitled to the interest of a fund for life to pay the tax assessed against the principal of the fund. *Holcombe* v. *Holcombe, 12 C. E. Gr. 473; S. C. on appeal, 2 Stew. Eq. 597.* The reason assigned for imposing this duty on the person entitled to the interest, is stated as follows by Justice Van Syckel : " So long as the life tenant enjoys the entire produce of the fund, he should be re-quired to keep down the taxes on it ; otherwise the fund itself must become impaired, and the entire burden be thrown upon those who take the fund at his death."

The obligation of a widow to perform the duties of a life ten-ant, while in possession under the statute, is put upon the ground that the right given to her by the statute, is, in substance, a life estate. Unless this position can be maintained, it is admitted, she ought not to be held liable to the duties of a life tenant. Other tenants, such as tenants for years, from year to year, and at will, are not, in the absence of a contract to that effect, sub-ject to them. They rest alone on tenants for life. The widow's right is given by these words :

Spinning *v.* Spinning.

"That until dower be assigned to her, it shall be lawful for the widow to remain in, and to hold and enjoy the mansion-house of her husband and the messuage or plantation thereto belonging, without being liable to pay any rent for the same." *Rev. p. 320 ₹ 2.*

The purpose of this provision, as it seems to me, is to confer a right of possession similar to an estate or tenancy at will, rather than to create a life estate. The language employed is manifestly much more ·appropriate to raise a right of that kind than for the creation of a life estate. The first and most important provision of the statute, it will be observed, is that the widow can only remain in possession until her dower is assigned. When that is done her estate ceases and her right is gone. Either she or the heir may have dower assigned. She may also surrender her possession at any time. So that the duration of her right depends entirely upon the will of herself and the heir, and like other tenants at will, her right may be determined, at any time, either at the will of the person in possession or the person entitled to the reversion. It is true her occupation may be lengthened out to the end of her life, and she may thus enjoy what is equivalent to a life estate, but her possession can only have that duration when such is the joint will of herself and the heir, and such may be the extent of the duration of a tenancy at will in any case where the parties to the demise so desire.

Judicial opinion is not entirely uniform as to the nature of the right given by this and similar statutes. Under a statute substantially similar to ours the supreme court of Illinois have held that a widow, while in possession, is bound to pay taxes and keep the premises in repair. *Wheeler* v. *Dawson, 63 Ill. 54.* They do not, however, place her liability on the ground that her right is an estate for life, but on the broader ground that it is equitable, inasmuch as she is entitled to the whole produce, that she should bear these burdens. The court say : " Being entitled to use and occupy the homestead without accounting for the profits and gains made from it, no one would say that she should not, in justice and equity, pay the taxes and keep the premises in repair. We are aware of no principle of law or equity that would impose the duty on the heir to pay the taxes and keep up the re-

pairs of the farm for the use of the widow, when she is in the receipt of all the rents and profits." This view, it will be perceived, pays no attention to the duration of the widow's right, nor to the object which the legislature had in view in creating it, and entirely overlooks the fact that the law has always highly favored the rights of persons of this class. Justice Ford, in *Ackerman* v. *Shelp, 3 Hal. 125,* in deciding a motion to strike out a notice accompanying a plea of the general issue, giving notice of the special matter which the defendant intended to give in evidence under the plea, said, incidentally, that the estate given to the widow by this statute is a freehold for life, unless sooner defeated by the act of the heir ; and Justice Elmer, in *Budd* v. *Hiler, 3 Dutch. 43,* defines her right in the same way, adding, however, that her estate may be determined either by her own act or that of the heir ; thus giving, as I understand it, a perfectly accurate description of an estate at will. The widow's possession can only endure so long as she and the heir so will, and either may at any time determine it by the mere exercise of his or her will. In the subsequent case of *Smallwood* v. *Bilderback, 1 Harr. 497,* Justice Ford speaks of the widow's right as a privilege, and such is the designation given to it by Chief-Justice Beasley in *McLaughlin* v. *McLaughlin, 7 C. E. Gr. 505,* and by Vice-Chancellor Dodd in *Bleecker* v. *Hennion, 8 C. E. Gr. 123.* The latter says : " It is a privilege preceding, but in nowise preventing or impeding, the assignment or disposal of her dower." It is plain, I think, when we look at the language used, and also consider the object which the legislature had in view in the enactment of this statute, that the right given to the widow is not a life estate, but may be accurately described as a privilege in the nature of a tenancy at will. By Magna Charta, the widow had a right to tarry in the chief house of her husband for forty days after his death, and to have maintenance for that period out of his estate. The object was to give her a home. Our statute was intended to amplify that right by extending her right of possession until her dower was assigned. The legislature meant, undoubtedly, that she should hold for the additional period, beyond the forty days, upon the same terms that she had a right to hold for the forty

days. " The purpose of the act," says the chief-justice, in *Mc-Laughlin* v. *McLaughlin, supra*, " is, obviously, to provide a home for the widow until her dower be assigned, as well as to put a compulsion on the heir to make the assignment." To treat her as a life tenant while she is in the enjoyment of a mere fugitive right, which has been given to her simply as a temporary provision, and to constrain the heir to put her in possession of what she is entitled to permanently, would serve rather to frustrate than effect the legislative will. And although the legislature, in defining the terms upon which the widow shall hold, use the word " rent," it is quite evident, I think, that what they meant was that she should hold without being subject to any charge whatever.

This question has already been dealt with by this court. In *Cronley* v. *Cronley, 13 Stew. Eq. 30,* the chancellor held that a widow, while in possession, under this statute, of her husband's homestead, was not bound to keep down the interest on a mortgage thereon. This adjudication, of course, settled the law of this court. In a previous case, decided orally, without argument, and without much consideration, and making a free application of the principle established by *Holcombe* v. *Holcombe,* that he who takes the benefits of property should bear its burdens, I held that a widow was bound, while in possession, to keep down the charges on the land which she enjoyed. A careful examination of the question, with the aid of a full argument, has satisfied me that that conclusion is erroneous, and that it should be held, both according to principle and precedent, that she is not subject to that duty.