Tenbrook *v.* Jessup.

---

WILLIAM H. TENBROOK

*v.*

GEORGE W. JESSUP et al.

[Filed May 22d, 1900.]

1. A widow has no *estate* in dower until actual assignment or admeasurement of that portion of the lands to which her estate is to apply.

2. Her dower *right* becomes complete upon her husband's death, in all the lands whereof he was seized of an estate of inheritance at any time during the coverture, save so far as she is barred of her dower by her duly executed deed.

Tenbrook *v.* Jessup.

3. Such complete dower right is a "thing in action," within the contemplation of paragraph 88 of the Chancery act (*Gen. Stat. p. 389*), applicable to the payment of the debts of the dowress.

4. A release of dower right without consideration, to avoid payment of debts, is fraudulent, and may be set aside at the instance of a creditor of the widow.

5. A receiver will be appointed, upon a proper case being made, to have dower assigned for the benefit of the creditors, &c.

On bill and demurrer.

*Mr. Herbert A. Drake,* for the complainant.

*Mr. Thomas B. Hall,* for the demurrant.

GREY, V. C.

The complainant is the holder of a judgment entered in the supreme court of this state against Fanny J. Kelly, defendant, execution issued thereon and returned "nothing found." The complainant then filed his bill in this court, alleging that Samuel J. Kelly was, in his lifetime, the holder of certain lands whereof he died seized of an estate of inheritance, leaving his widow, Fanny J. Kelly, the defendant in the judgment, surviving him. That upon her husband's death, the widow became entitled to a complete dower right in all the lands whereof he was seized as aforesaid; that the judgment was recovered while the wife held this complete dower right; that she, before any dower was assigned, without any consideration, and to hinder the complainant in collecting his debt, released and conveyed her dower right to her children, the heirs-at-law. The complainant prays that the release of dower may be declared void, that a receiver may be appointed to whom dower may be assigned for the benefit of the complainant's judgment, &c.

The principle is entirely well settled that a widow has no *estate* in dower until there has been an actual assignment or admeasurement of that portion of the lands to which her estate is to apply. When that is effected, either by act of the heir, or by the judgment of a competent court, the right of the wife has ripened into an estate in those lands which are admeasured, and

all the rest of the lands whereof the husband died seized of an estate of inheritance, are, by the act of admeasurement, discharged from her dower right.

The widow in that case becomes seized of a life estate in the lands admeasured to her, and takes and holds the property so admeasured with the rights, incidents, profits and privileges which belong to a life tenant.

In this case there has never been any admeasurement of dower to Mrs. Kelly. The judgment which the complainant has recovered and which he sets up in his bill of complaint, could not be a lien upon a mere right to have dower assigned. But the dower right is a "thing in action," which she, at her own choice, might put in motion to compel the heir to assign, or by a judgment of court obtained in her favor, she might enforce admeasurement. As long as she and the heir choose not to act, there can be no creation of such an estate as will become an asset, which may at law be applied in the payment of her debts. Being possessed of a "thing in action," which is capable of being created into an asset or estate by her own choice, she was equitably bound to apply it in satisfaction of her debts. If she did not do this, her creditor may compel it to be done. *Gen. Stat. p. 389 ¶ 88 (Chancery act).*

The bill alleges that instead of taking such a course as would result in the creation of an estate, applicable to the payment of her debts, out of which the judgment might have been satisfied, the widow fraudulently and without consideration, and for the purpose of avoiding the payment of her debts, released her dower right to her children, the heirs-at-law. This allegation must be taken to be true on this hearing, because the bill is demurred to generally, for want of equity, and all pertinently pleaded ·facts are admitted to be true. The bill prays that a receiver may be appointed who may, in the name· of the widow, compel dower to be assigned, for the purpose of ripening the dower right, or "thing in action," which the widow has, into an estate, and applying it to the payment of her debt, established by the judgment in favor of the complainant.

The course of procedure prayed for in this bill seems to follow very closely the case of *Tompkins* v. *Fonda, 4 Paige 448,*

Tenbrook v. Jessup.

where, in a luminous opinion, Chancellor Walworth recognized the right of creditors of the widow to have her dower right enforced and ripened into an estate for the benefit of judgments which had been recovered against her.

It seems to me that case is "on all fours" with this, and not only with this case, but also with correct legal principles.

It is distasteful to the law that a debtor should be permitted to have and enjoy assets which ought to be applied to the payment of debts, without recognizing that obligation. It is still more repulsive to the law that a debtor, having things in action, should avoid taking such a course as would apply them to the payment of his debts, and make conveyance of them without consideration while they have not yet ripened into legal assets, all for the purpose of avoiding the payment of debts, and thereby defeating creditors of their rights.

The omission of the debtor to apply her dower right in payment of her debt was exactly the situation which called for the statement of the law on the subject in *Tompkins* v. *Fonda.* That case appears to have been accepted as a correct exposition of the law in the New York courts. *Payne* v. *Becker, 87 N. Y. 157.* The cases of *Wade* v. *Miller, 3 Vr. 296,* and *Pollitt* v. *Kerr, 4 Dick. Ch. Rep. 67,* cited by defendant, do not touch the point at issue. The principles laid down in *Tompkins* v. *Fonda* are not limited to cases in which the widow is in the actual possession of lands and the profits. It was determined that because she had a right to have dower assigned in order to pay her debts, and did not do it, the court would take hold of the matter, and oblige it to be assigned for the benefit of her creditors.

The case is one which ought to be followed. It is right in principle, and I am quite willing to follow it, and to hold in the cause before me that the bill discloses an equity in favor of the complainant which this court is competent to enforce, and which it ought to enforce.

I will advise an order that the demurrer be overruled and that the defendant answer the bill as required by the statute.

As to the question of costs. This cause was lately argued on bill and answer. An intimation was given by the vice-chancellor that upon argument of the case thus presented the de-

fendant should prevail. The complainant's counsel then stated that he had overlooked the effect of setting the cause down for hearing on bill and answer, and the defendant thereupon agreed to relieve the complainant's counsel from his embarrassment, withdrew his answer and filed the demurrer now being argued. The complainant's counsel now declares himself willing to submit the question of costs to the discretion of the court. Under such circumstances no costs should be allowed against the demurrant, on overruling the demurrer.