STEPHEN F. CAMPBELL et ux.

*v.*

HATTIE DE HART CAMPBELL COLE et al.

[Decided July 23d, 1906.]

1. A will gave no express power of sale to the executors, and no power to divide lands or the proceeds of the sale thereof among beneficiaries.— *Held*, that no implied power of sale was given.

2. While the word "bequeathed" is naturally applicable to personal property, yet, when associated in a will with the word "give" it is capable of transmitting real estate if such appears to have been testator's intention.

3. Where a will gave testator's daughter a share of the estate for her own use and benefit, it to go, at her death, to her children, and in case of failure of issue to another or his heirs, the daughter took a mere life estate with a limitation over to her children, or, in case no children survived her, to the other or his heirs.

4. Under the express provisions of *P. L. 1898 pp. 644, 653, 660 §§ 26,*

*45, 46,* partition sale of lands may be made, notwithstanding that the share held by any tenant in common is for a less estate than a fee, whenever it appears that the land is so situated that partition cannot be made without prejudice to the persons interested.

On bill to partition lands which were devised by the will of Joseph Campbell by the following language:

"In the name of God, Amen: I, Joseph Campbell of the Township of Mendham of the County of Morris and state of New Jersey being of sound mind do give and bequeath to my Dear wife Rachel H. Campbell, all my property, personal and real for *hur* own use and benefit during *hur* life and at *hur* death to be divided *eaquel* between my two children Stephen F. Campbell and Hattie DeH. Campbell Cole, if they are living if not then to *there* heirs my daughters Hattie share to be for her own use and benefit never to be put in *hur* husband hands or Business at her death to go to *hur* children if any surivie *hur* and if none are living then its to go to my son Stephen F. Campbell or his heirs."

On motion to confirm master's report.

*Messrs. Vreeland, King, Wilson & Lindabury,* for confirmance.

*Mr. John M. Mills, contra.*

MAGIE, CHANCELLOR.

On a motion to confirm a master's report and a supplementary report made by him, the defendant Mrs. Harriet De Hart C. Cole filed objections under rule 166.

The objections contend that the master's report was erroneous in not finding Mrs. Cole to be the owner in fee-simple of an undivided one-half of the land in question. The interest of Mrs. Cole in the land requires the construction of the clause of the will of Joseph Campbell set out in the prefatory statement.

It is first contended that the will of Joseph Campbell empowers his executors to make a division of his real and personal property between his two children, Stephen F. Campbell and Mrs. Harriet De Hart C. Cole, and therefore empowers them to make a sale of the real estate involved in this controversy. Reading the whole will, it is obvious that it contains no express power to sell the lands for the purpose of making a division, nor

does it contain any direction to the executors named therein to make a division. No duty in that respect having been cast upon the executors, there is no implication that any such power has been conferred upon them. *Chandler* v. *Thompson, 62 N. J. Eq. (17 Dick.) 723.* It seems obvious, therefore, that the intent of the testator was to give to the persons named in his will an interest in his estate, real and personal, without any directions for a sale thereof or a division by the executors. It therefore results that his gift to his children was unaffected by any directions for a sale, either express or implied. Each of his children, therefore, was given by this will one-half of his personal estate and an undivided one-half of his real estate, of which the lands in question are a part. His son Stephen thereby became seized, it is conceded by the defendants, in fee of an undivided one-half of the lands in question, and was therefore entitled to seek a partition thereof under our statute.

But it is contended that Mrs. Cole became seized of the other undivided one-half of the lands, and this would be evidently correct if the testator had not added to his gift to his daughter the provision that appears in the clause of the will above set forth. After the gift to her of an undivided share in his real estate, he adds the provision that at her death her share shall go to her children, if any survive her, and if none survive her, it shall go to his son Stephen, or his heirs. It is obvious from this provision that Mrs. Cole is given by the testator no interest in his property, real or personal, beyond the period of her life, for at her death it is to be given to her surviving children, if any, and if there are none, then to his son Stephen, or his heirs-at-law. It follows that what estate she acquired thereby was an estate for her life alone, with a limitation over (1) to her children surviving at her death, or, (2) in case no children survive at her death, to testator's son Stephen, or his heirs-at-law. The master was therefore correct in holding that Mrs. Cole, by the provisions of the will, had only a life use of the share of the real estate given to her, with a limitation over upon her death.

This conclusion is not affected by the fact that the testator, in this unartificial will, declared his intention by the words "give and bequeath." Bequeath is a word naturally applicable to the

transmission by will of personal property, but when it is associated with the word "give," it may be capable of transmitting not only personal, but real property, as was evidently the testator's intention.

The master was correct in determining the nature of the estate given to Mrs. Cole, and his report should be confirmed.

With this view of the situation of the estate there is no contention but that, under the provisions of sections 26, 45 and 46 of the act concerning partition, approved June 14th, 1898 (*P. L. 1898 p. 644*), the court has power to make a sale of the lands, the master having reported, upon evidence that is clearly competent and conclusive, that the lands are incapable of being actually partitioned.

The result is that the master's report must be confirmed, and the order for sale will be made upon his report.