PETER BENNETT

*v.*

BRIDGET FINNEGAN et al.

[Filed December 11th, 1906.]

1. Limitations do not run against a claim of a husband against his wife during the continuance of the marital relation.

2. Laches will not be imputed to a husband merely from his failure to prosecute a suit against his wife during the continuance of the marital relation.

On demurrer on reargument.

*Mr. Adrian Riker,* for the demurrants.

*Mr. James M. Trimble,* for the complainant.

EMERY, V. C.

Reargument of the demurrer was directed in this case upon the defences of statute of limitations and of laches. The conclusions on the former argument are reported in *33 Atl. Rep. 401.*

As to the statute of limitations, I must hold it not applicable. This is on the authority of *Yeomans* v. *Petty, 40 N. J. Eq. (13 Stew.) 495,* decided by Vice-Chancellor Bird in 1885, and of *Alpaugh* v. *Wilson, 52 N. J. Eq. (7 Dick.) 424,* decided by the same vice-chancellor in 1894, and affirmed on appeal, for the reasons given by him. *52 N. J. Eq. (7 Dick.) 589.* These cases hold distinctly that, so far as relates to claims by the wife against the husband, the statute is not applicable, and they control this case. They were not called to my attention until after the decision on the former argument. It is urged that none of these cases are cases in which the husband was the claimant, but

while this is true, the decisions suggest no distinction in this respect, and the rule is put upon grounds which reach as well to claims of the husband against the wife. The basis of the rule is the general policy of preventing litigation between husband and wife. See *Yeomans* v. *Petty, 40 N. J. Eq.* (*13 Stew.*) *498.* This reason is operative as well in favor of the husband as the wife. As to the application of the general doctrine of laches, independent of the statute, this is to be governed, as it seems to me, by a principle analogous to that of the application of the statute. *Prima facie,* and in the absence of special equitable circumstances, it is not evidence of laches that either the husband or wife fail to prosecute the other in a court of equity pending the continuance of marital relation. No circumstances appear on this bill which debar the complainant, merely on the ground of lapse of time, from proving, if he can, by competent evidence, that the debt paid by complainant was the wife's debt. And on the contrary, the allegation in the bill of joint possession of complainant and his wife during their lives, and his sole possession since her death, while such possession was no obstacle to the prosecution of a suit in equity, if the husband chose, would seem *prima facie* to be an explanation of the delay. But without deciding as to the effect of this allegation, I overrule the objection of laches, which is made simply on the face of the bill, and I do this upon the ground that no special circumstances appear on the bill which deprive the husband of the benefit of the general rule that the law will not impute laches merely from the failure to prosecute suits pending the continuance of the marital relation.

The demurrer, therefore, must be overruled, with costs, and defendants must answer.