WILLIAM M. RADLEY and ALICE RADLEY, his wife,

*v.*

PAULINE K. RADLEY et al.

[Decided November 14th, 1910.]

1. The widow's seizin of land assigned as dower is a continuation of her husband's seizin, and an heir cannot obtain seizin in deed by entry, even before assignment; a subsequent assignment defeating his seizin acquired by entry.

2. Dower, when assigned, becomes the paramount estate, and hence is preferred over encumbrances created after the marriage.

3. Neither *P. L. 1898 p. 653 § 26,* permitting lands held by tenants in common to be partitioned, though they may be limited over after an estate for life or any estate therein, nor *Gen. Stat. p. 2983 § 18,* of the act concerning the sale of land providing for a sale free from dower, authorize the partitioning of a dower estate without the widow's consent for the benefit of the tenants in common by a sale thereof, in lieu of actual partition.

4. A life estate may be sold without the consent of the life tenant only when it exists as an interest in land the remainder of which is in others who are entitled to possession with the life tenant or exclusive of his possession.

___

On bill, &c. On exception to master's report.

*Mr. Francis V. Dobbins,* for the exceptant.

*Mr. John A. Coan,* for the complainants.

WALKER, V. C.

This is a case for partition. The special master reported in favor of a sale in lieu of partition. The defendant Dobbins excepts to the report on behalf of Pauline K. Radley, an insane tenant in dower of a certain portion of the premises, and which have been duly assigned to her, upon the ground that her estate cannot be partitioned for the benefit of the tenants in common and she be compelled to accept recompense out of the proceeds.

The complainant urges that the interest of the doweress is a life estate, and that under section 26 of the act concerning partition (*P. L. 1898 p. 653*), which expressly provides that lands held by tenants in common may be partitioned, notwithstanding they may be limited over after an estate for life or any estate therein, applies, and that the exception should be overruled and the master's report confirmed and a decree made for the sale of the premises, including the portion assigned to the tenant in dower and set off to her by metes and bounds, and he contends that *Campbell* v. *Cole, 64 Atl. Rep. 461; 29 N. J. L. J. 283,* wherein Chancellor Magie held that partition of land should be made, notwithstanding the existence of a life estate therein, controls. It is to be observed, however, that section 26 of the Partition act is to be read in connection with section 27 of the same act, and in section 27 it is provided that where there is an estate for life and the remainder in fee is owned by tenants in common, and the particular tenant shall consent thereto, partition may be made, &c. It is to be observed further that in *Campbell* v. *Cole* the life estate was in an undivided half of the premises sought to be partitioned, and did not comprise a tract in the exclusive possession of the life tenant. It appears, therefore, that Chancellor Magie did not have before him in *Campbell* v. *Cole* such a situation as is here presented, and it is obvious that he did not decide that an estate in dower assigned to a widow and set off by metes and bounds could be sold at the instance of tenants in common of the reversion or remainder without the consent of the doweress. The decisions in this state upon the question involved are against the view that lands assigned to a tenant in dower may be sold in partition at the suit of tenants in common without her consent.

In *Smith* v. *Gaines, 39 N. J. Eq. (12 Stew.) 545,* the court of errors and appeals, construing exactly similar provisions of the former Partition act, held that the statutory power applied only to cases where the estate of the tenants in common was in possession. Certainly the tenants in common in this case are not in possession of the tract which has been assigned and set off to the doweress.

In *Haulenbeck* v. *Cronkright, 23 N. J. Eq. (8 C. E. Gr.) 407,*

a partition case, Chancellor Zabriskie was concerned with the act authorizing the court to determine whether any existing estate of dower or courtesy in premises ordered sold should be excepted from the sale or should be sold, and, with the broad language of that act before him, he held that the estate or interest of a widow in lands is the right to have one-third set off to her by metes and bounds and to enjoy the same for her natural life, and that when partition is made the doweress retains her estate in the premises as it was before; if dower has not been assigned she retains the right to have it assigned; if an assignment has been made she retains the part set off to her unaffected by the partition.

The seizin of a widow to whom land has been assigned as dower is a continuation of the seizin of her husband and the heir cannot, by entry, obtain seizin in deed; not even if he had entered upon all the lands before assignment, because the assignment, when made, defeats his seizin acquired by entry. *Chall. Real Prop. *187.*

When dower is assigned the estate of the doweress becomes paramount, and it is upon this that encumbrancers, whose liens were created subsequent to the marriage, are postponed to the estate and interest of the tenant in dower.

Neither the Partition act authorizing the sale of a life estate nor the provision for the sale free from dower in the act concerning the sale of land (*Gen. Stat. p. 2983 § 18*) empowers the court to order the sale of a life estate, which, in severalty, is in the actual use and enjoyment of the life tenant, without that tenant's consent. See *Bouvier* v. *Baltimore and New York Railway Co.*, *67 N. J. Law (38 Vr.) 281* (at *p. 295*).

A life estate may be involuntarily sold away from the life tenant only when it exists as an interest in lands, the remainder of which is in others who are entitled to possession in some form, either with the life tenant or exclusive of him or in conjunction with him.

The exception must be sustained.