SAMUEL PORTNOW, by next friend, complainant-appellant,

*v.*

MORRIS PORTNOW et al., defendants-respondents.

[Submitted March 24th, 1919. Decided June 17th, 1919.]

By the law of this state, partition of land cannot be decreed in a case where the land is in possession of a tenant by the curtesy, without the consent of such tenant.

———

On appeal from a decree advised by Vice-Chancellor Foster, dismissing the bill of complaint.

The bill averred that Mollie Kobrin, wife of Charles Kobrin and sister of complainant, died intestate and without issue in October, 1917, seized in fee of a described tract of land in Essex county, leaving as heirs-at-law five brothers and sisters, of whom complainant is one, who hold the lands as tenants in common in fee, subject to the right of curtesy of her husband, Solomon Kobrin, and that he is in possession of said lands and receives the rents thereof. The bill prays a partition, or sale if partition be impracticable; and adds an averment that some $225 of complainant's money was used by Mollie Kobrin in paying for the property, under an agreement that he was to receive that amount out of the proceeds of sale of the property, and for which complainant claims a lien thereon. The prayer also is that the estate by the curtesy of Solomon Kobrin be included in the sale, and that out of the proceeds of sale said sum of $225 be paid to complainant, and the remainder of the purchase price disposed of according to the rights of the parties. There was no averment that the life tenant, Meyer Kobrin, consented to the suit.

The vice-chancellor, evidently viewing the bill as one for partition or alternative sale, and nothing more, dismissed it on the

authority of *Smith* v. *Gaines, 39 N. J. Eq. 545,* and *Radley* v. *Radley, 78 N. J. Eq. 170.*

*Mr. Charles Jones,* for the appellant.

*Mr. Edward R. McGlynn,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

The vice-chancellor properly decided that complainant was not entitled to a partition, in the absence of consent by the particular tenant. This point was decided by this court in *Smith* v. *Gaines, supra,* cited by the vice-chancellor, in an opinion by the late Justice Dixon, which contains a full discussion of the statutes and decisions. By the act of 1858, now section 27 of the Revised Partition act of 1898 (*Comp. Stat. p. 3906*), where there is a particular estate, partition can be had when the particular tenant consents thereto. In this case not only does the bill show no such consent, but the particular tenant expressly objected by his motion to dismiss the bill.

·Appellant relies on sections 18 and 19 of the Sale of Land act as supporting his bill. But those sections are not inconsistent with the statutes considered in *Smith* v. *Gaines.* The procedure they lay down for the sale of dower or curtesy is one entirely dependent on the lawful entertainment by the court of a suit for partition when such rights exist and this depends, in the case of an estate by the curtesy, on the consent of the tenant by the curtesy. This is made plainer by a glance at the history of the two statutes. Sections 18 and 19 of the Sale of Land act were passed in 1855. *P. L. 1855 p. 49; Nix. Dig. 1855 p. 578.* Section 27 of the Partition act was passed, as we have seen, in 1858; so that in case of inconsistency it would supersede that of 1855. That the legislature considered no inconsistency existed is shown by the fact that both acts were repeated in the general revision of our statutes in 1877 (page 802, section 30; page 1046, sections 18, 19), and have remained on the statute books ever since.

As to the claim of appellant that curtesy should be regarded as analogous to dower, and that in *Bleecker* v. *Hennion, 23 N. J. Eq. 123,* a bill for partition was entertained against the objection of the dowress, it is enough to say that in that case the court had before it only the widow's quarantine, and not dower assigned, and held that such right of possession by way of quarantine under section 2 of the Dower act was not a particular estate within the act of 1858. The case is therefore beside the mark.

So much for the claim of a right to have partition against the wish of a tenant by the curtesy. There remains the claim of a lien of some kind for the money of complainant used in the purchase of the land. As to the existence of an equitable lien under the circumstances set out in the bill, there are decisions both ways, in the court of chancery. *Haggerty* v. *McCanna, 25 N. J. Eq. 52; Bennett* v. *Finnegan, 33 Atl. Rep. 401; 65 Atl. Rep. 239; contra, Sawyer* v. *Platt, 77 Atl. Rep. 1043.* We need not decide the point as it is not before us. Assuming for present purposes that complainant has an equitable lien enforceable by foreclosure and sale, this is not what he has prayed. The prayer is that the property be partitioned; or if it be found incapable of partition, sold; and that his claim be paid out of the proceeds of that sale. Manifestly, if his right to a partition or alternative sale is non-existent, there can be no fund in this suit out of which payment can be made.

The decree dismissing the bill is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.