# IN THE MATTER OF THE ESTATE OF

# IVA McQUARRIE, DECEASED.

## SUPERIOR COURT, COUNTY OF ALAMEDA.

( Executors and Administrators; Homestead; Tenancy;

TAXES etc. )

February 9th, 1922.

———

Proceedings on settlement of final account and petition for distribution.    On objections to items expended on homestead.    Objections sustained in part and overruled in part and decree directed.

———

**1.   COURTS.   PROBATE — WAIVER OF OBJECTION TO JURISDICTION — CLAIM FOR TAX MONEY ADVANCED ON HOMESTEAD.**

Where husband administering the estate of deceased wife had set set aside to him for five years a homestead, and married again and his present wife on settlement of final account, presents to the court her claim for money advanced for taxes, etc., on such homestead, the court has jurisdiction to determine her claim, and an objection thereto was waived by all parties submitting themselves to the court's jurisdiction.

**2.   EXECUTORS AND ADMINISTRATORS — REIMBURSEMENT OF ADMINISTRATOR'S WIFE FOR MONEY SPENT FOR ESTATE.**

Where husband administering deceased wife's estate married again and present wife advanced her separate property for taxes, interest on note and other purposes of the estate, she is entitled to reimbursement of such moneys, with simple interest thereon.

**3.   HOMESTEAD — TENANT TO PAY TAXES.**

Where a homestead for five years was set off to husband administering deceased wife's estate, he was not on final settlement, entitled to reimbursement for money paid for taxes thereon during homestead tenancy, it being the duty of the homestead tenant to pay them.

**4.   HOMESTEAD — TENANT LIABLE FOR TEMPORARY IMPROVEMENTS.**

Where a homestead for five years was set off to husband administering deceased wife's estate he was liable personally for the expenses of papering, painting, tinting, etc., rooms in house during his occupancy of same under the homestead and his claim thereof on final settlement of account cannot be allowed.

5. HOMESTEAD — FEE OWNER LIABLE FOR PERMANENT IMPROVEMENTS.

Where a homestead for five years was set off to husband administering deceased wife's estate, he was on final settlement of account entitled to reimbursement for the permanent improvements, that is the costs of sewer ordered by the municipality, which should be paid by the estate as owner in fee and not by the homestead tenant.

---

E. C. Robinson, Judge.

---

In the Superior Court of the State of California,

In and for the County of Alameda.

Memorandum Decision   No. 20206. Dept. No 4.

In the matter of the estate  of Iva McQuarrie, deceased.

**The Court:**

This matter comes up on settlement of final account and petition for distribution.

Iva McQuarrie died leaving certain real and personal property.   On March 16, 1916, this Court, Judge Wm. S. Wells, presiding, set aside a homestead to M. D. McQuarrie, the surviving husband, for a limited period, to-wit, five years.   Objection has been made by parties interested to certain items included by M. D. McQuarrie, the administrator, as disbursements in the account, as follows:

1.   Taxes which accrued during the time he occupied the premises as a homestead;

2. Expense of papering, painting, tinting, etc., rooms in house during the time of occupancy under the homestead.

3. Further objection is made by another party, the present wife of M. D. McQuarrie, to the allowance and settlement of the account without consideration of her claim for reinbursement from the estate for certain moneys she claims to have advanced from her separate property for the payment of taxes, interest on note (allowed claim) and for other purposes in the estate.

4. Objection is also made to the expense of installation of sewer ordered by the municipality and for the benefit of the estate.

All parties submitted themselves to the jurisdiction of the Court. Evidence was introduced on several hearings, and after the closing of the testimony it was claimed by the administrator that the objections of the present wife of administrator could not be entertained by the Court, as the Court had no jurisdiction. Having submitted themselves to the jurisdiction of the Court, that objection was waived; and the Court will consider all the objections to the account.

Counsel on both sides stated that after diligent search they were unable to find any authority upon any question involved in these objections, either in support of or against them.

The first essential question to be determined is whether the homestead tenant or the owner of the fee should pay the taxes during the five-year homestead occupancy.

It would seem that the owner of the fee, who has not had the use or enjoyment of the property during the five years, should not be required to pay the tax or for the temporary repairs, such as papering, tinting, painting, etc. It would likewise be equitable and fair that the homestead tenant, having had the use

and enjoyment, and received the rents of a portion or all of the premises, should pay for such temporary repairs.

The only case the Court has been able to find in the limited time at its disposal, except in dower right cases, is Kelley v. Ball, 19 S. W. 581 (Ky) wherein the Court of Appeals, on page 582 says:

"When the property was sold, there was a claim against it for improvements held by the appellant, John S. Kelley, and also unpaid taxes were owing for a considerable sum. The latter were paid by the purchaser of the property, and credit given him. When these claims accrued, the appellant was deriving no benefit from the property. The widow and her own children were alone receiving the benefit of it. The improvements were necessary to its enjoyment. The statute says the owner or possessor of an estate shall pay the taxes. It is true the widow was not a mere tenant, in which case the landlord, in the absence of contract, providing otherwise, should pay the taxes. Nor was she a life tenant, who, as held in Fox v. Long, 8 Bush, 551. must pay them; but she was entitled to the use of the property under the will for a term of years, and took it with the burden of taxation. She received some money of the estate from the executor, which she used in the support of the family, but paid out for the estate as much or more, in the way of funeral expenses and otherwise, for which she is not asking reimbursement. The lower court properly ordered the Kelley improvement claim paid out of the proceeds of the sale of the property but it is equitable to charge the portion thereof of the widow and her children with the unpaid taxes, to be apportioned between them in the ratio of their interests, inasmuch as they had the use of the property."

The equitable rule established in this case will be found to be the rule in dower cases. White v. Dawson, 63 Ill. 54.

In Willard v. Blount, 33 N. Car. Rep. 624, the Court, after reviewing the assessment law, says:

"Land, then, is taxed according to its fee simple value, and whoever is owner of the land for the time being is bound to pay the tax.    If the estate is divided by giving a particular estate to one—the remainder to another—as, if an estate is limited to A. for life or for ten years, remainder to B. and his heirs, the valuation is assessed without reference to this division, and each must pay the tax, during the time he is the owner and enjoys possession and pernancy of the profits.    According to this general proposition the plaintiff, being the owner for the time being, and enjoying the possession and pernancy of the profits, is bound to pay the tax.

"The case of the landlord and tenant forms an exception, where rent is reserved; for the rent is in lieu of the land, and the landlord is in the pernancy of the profits of the land, the profit of the tenant being the fruit of his own labor.    Hence, in such cases the landlord is bound to pay the tax, and if the tenant be compelled to pay, he may recover from the landlord or may deduct the amount out of the rent.    But in the case under consideration, no rent is reserved.    The defendant receives nothing in lieu of the land, and the entire profits are enjoyed by the plaintiff.    He, then, does not come within the reason for making the case of ordinary tenants paying rent an exception to the general rule.

"Let us see how it operates.    A vacant lot, worth say $200, is leased for ten years without rent; a building worth say $2000 is erected upon it.    The lessee enjoys the entire use and profits of the lot in its improved condition.    The amount of the assessment, and, of course the tax, is increased ten times.    It is right that the lessee, who has the whole profit, should pay the tax; for in fact the lessor has parted with his entire estate for the ten years and stands as a remainder man, and not as a landlord receiving rent.

"It is said, the lessor will be benefited by receiving the property in its improved condition at the end of the term.    That is true, and then he will be bound to pay the tax.    But in the meantime it is manifestly unjust to require the lessor to pay the tax for what he has never enjoyed; and there is no mode of apportioning the tax so as to show what ought to. be paid for and on account of the original value, and what for the additional value; and upon the general rule the plaintiff is bound to pay the tax.

"The English cases give no aid in deciding this question, becuse the land in that country is assessed upon the annual rent, and if it be not rented, upon such sum as it could reasonably be rented for, and the statute provides that, in case tenants are compelled to pay the tax, they shall have the right to deduct it out of the rent."

We quote at length from this case in lieu of further argument.

The order will be, that the present wife of the administrator, who advanced moneys from her separate funds to the administrator for the benefit of the estate, is entitled to be reimbursed for such moneys, with simple interest:

That the permanent improvements, that is to say, the sewer costs, be paid by the owner of the fee, as it inures to the benefit of the land as a whole;

That all taxes paid and which accrued during the homestead tenancy may be stricken from the account.

That the costs of temporary repairs, such as painting, papering, tinting, etc., be stricken from the account.

Let decree be drawn accordingly.

E. C. Robinson, Judge.