This is an application to compel a bidder at a sale of mortgaged premises to complete his bid and a counter application by the bidder to be relieved thereof.
The only point made on behalf of the bidder that has caused me any concern is the one in which he attacks the conveyance from Grunbaum to Fischer. It appears to be conceded that, in the chain of title under which the mortgagor claimed, Elizabeth Grunbaum executed a deed to Mads Fischer conveying the mortgaged premises prior to the execution of the mortgage which has been foreclosed herein, and that while her husband signed his name thereto he nowhere appears in the body of the deed as one of the grantors. So far as I know, the only adjudications upon the effect of this omission in the State of New Jersey are found in Jason v.Johnson, 74 N.J. Law 529, and Wright v. Pell, 90 N.J. Eq. 11.
In these cases the omission that appears in the case at bar was declared to be fatal to the marketability of the title the grantees took. It is true that in the earlier case the court of errors and appeals indicated that there might be a different rule in equity from the one at law, but the later case having been a decision of this court, overrules, so far as this court is concerned, any presumption that might have been drawn from thedictum in Jason v. Johnson, supra.
The complainant seeks to meet this difficulty by citing the act entitled "A supplement to an act entitled `An act respecting conveyances [Revision of 1898],' approved June fourteenth, eighteen hundred and ninety-eight." P.L. 1924 p. 347. This act provides that where, in any deed conveying real property, both the husband and wife have executed and acknowledged the same, but in the body of the deed the name of one of the parties has been omitted, the conveyance shall be valid, provided it is valid in all other respects. This act is said to be invalid because of repugnance to the fourteenth *Page 195 
amendment of the constitution of the United States, because it would divest citizens of their property without due process of law. In what respect it would interfere with vested rights is not made apparent. Certainly, this bidder is not thereby injured in any way of which he may legally complain, because it is trite to say that the legislature may abolish defenses and other rights enjoyed, provided it does not infringe some other provision of the constitution, as, for example, by impairing the obligation of a contract. Baldwin v. Newark, 38 N.J. Law 158. So far as Mrs. Grunbaum is concerned, she could not be heard to complain in this court that the enactment of the law of 1924 unconstitutionally affected her rights, notwithstanding anything that was said in Wright v. Pell, supra. In view of the clear intimation of the court of errors and appeals in Jason v.Johnson, supra, the Wright Case should be followed as a precedent no further than is necessary to avoid confusion in the proceedings of this court, and its effect should not be extended to declaring the statute unconstitutional. It is not shown that Grunbaum had anything more than an inchoate right by the curtesy and this may be abolished at will. Allen v. Hanks,136 U.S. 300. Neither can it be successfully urged, in view of what has already been said, that the retrospective character of the act in question renders it invalid. The only constitutional inhibition in that respect deals with ex post facto laws. Johannssen v.United States, 225 U.S. 227.
I will advise an order directing the bidder to complete his bid in conformity with the practice followed in Silver v.Campbell, 25 N.J. Eq. 465, and dismissing his petition to be relieved of his bid. *Page 196