Two questions are presented for decision in this partition suit; first, whether or not partition of land can be decreed *Page 152 
by this court where the land is in possession of a tenant by the curtesy without the consent of such tenant; and second, conceding that such consent was formerly required, whether or not it is now necessary in view of the provisions of P.L. 1927 ch. 71 p. 128, as amended by P.L. 1928 ch. 209 p. 380.
The first question was answered in the negative, and adversely to the contention of the complainant, by the court of errors and appeals in Portnow v. Portnow, 90 N.J. Eq. 570.
The second question must be answered in the affirmative.
The lands involved in this suit were owned in fee by Minnie W. Bennett, the wife of Henry (Hendrick) L. Bennett, at the time of her death on July 2d 1929. She acquired title to those lands prior to the enactment of P.L. 1927 ch. 71. There was also issue born alive to this husband and wife prior to that date. The husband thereupon became entitled to an inchoate right of curtesy in these lands. Doremus v. Paterson, 69 N.J. Eq. 188;affirmed, Ibid. 775; Hackensack Trust Co. v. Tracy, 86 N.J. Eq. 301; Mullen v. Mullen, 98 N.J. Eq. 90; Reese v. Stires,87 N.J. Eq. 32; Bucci v. Popovich, 93 N.J. Eq. 511. For the purposes of this case it may be considered that there is a complete analogy between an inchoate right of curtesy and an inchoate right of dower. An inchoate right of dower is a valuable interest in land. Wheeler v. Kirtland, 27 N.J. Eq. 534. It is such a vested interest as cannot be impaired by legislative enactment. In re Alexander, 53 N.J. Eq. 96. An inchoate right of curtesy is also a vested interest in land with practically the same incidental rights, and subject to like defeasance, as inchoate dower. The constitutional inhibition against arbitrary legislative enactment impairing the inchoate right of dower applies with equal force to inchoate rights of curtesy.Hackensack Trust Co. v. Tracy, supra; Weaver v. Patterson,92 N.J. Eq. 170.
It is true that in Murphy v. Skelly, 100 N.J. Eq. 193 (atp. 195), Vice-Chancellor Bentley said that an inchoate right of curtesy might be abolished by the legislature at will without infringing on the rights of the husband entitled to such an estate. As authority for this statement Vice-Chancellor *Page 153 
Bentley cited Allen v. Hanks, 136 U.S. 300; but the point contended for by the complainant here was not involved either inMurphy v. Skelly or Allen v. Hanks. What the United States supreme court said in Allen v. Hanks, supra, was "that it is competent for the state, in its fundamental law or by statute, to provide that all property thereafter acquired by or coming to a married woman, shall constitute her separate estate * * * is a proposition too clear to require argument or the citation of authorities to support it." (Italics mine.) Undoubtedly the inchoate right of curtesy in property acquired by the wife subsequent to legislative enactment abolishing such rights was what Vice-Chancellor Bentley had in mind. It needs no citation of authorities to support that proposition. The decree advised by Vice-Chancellor Bentley in Murphy v. Skelly,supra, was affirmed by the court of errors and appeals in101 N.J. Eq. 793, but the opinion of that court did not touch upon the point here involved.
I will advise a decree dismissing the bill.