The aim of the bill is to accomplish a partition of a parcel of real estate known as No. 217 Pearl Street in the City of Trenton. The factual allegations of the pleadings assume imposing significance because the solicitors have resolved to submit the cause for hearing on the bill and answer. R.S. 2:29-47; N.J.S.A.2:29-47. In a hearing upon a bill and answer the uncontradicted factual allegations of the bill and the averments of the answer are accepted by the court as verities, and the decision is rendered upon the case thus presented. Groel v. UnitedElectric Company of New Jersey, 69 N.J. Eq. 397, 407;60 Atl. Rep. 822.
The bill discloses that in 1924 Alfonso Pellitteri and his wife, Maria Pellitteri, acquired by purchase the lands and premises described in the bill as tenants by the entirety. On *Page 324 
February 28th, 1935, Alfonso Pellitteri died intestate leaving surviving his widow, Maria, and a son and daughter, Sam Pellitteri and Frances Pellitteri. Subsequent to the death of Alfonso Pellitteri, the widow Maria Pellitteri married the present defendant, Vincent Mancuso. On July 29th, 1944, Maria Pellitteri Mancuso conveyed the premises to Sam Pellitteri and Frances Pellitteri, the offspring of her former marriage. Her husband, Vincent Mancuso, did not join in the conveyance. Mrs. Mancuso died on August 2d 1944. The parcel of land is seventeen feet in width, upon which is situate a three-story brick dwelling house.
The bill is filed by Sam and Frances Pellitteri as complainants, who assert that they "are seized of and entitled to an estate in fee-simple in the said lands and premises subject to an estate in curtesy owned by Vincent Mancuso," and that Vincent Mancuso is in possession of the premises. The complainants pray "that the said lands and premises may be decreed to be sold including the estate of curtesy of the defendant Vincent Mancuso * * *."
In resistance, the defendant has filed an answer in lieu of a plea in which he ignores the charges of the bill and merely avers that he does not consent to the proposed partition.
In the present cause I am informed by the bill that the defendant has an "estate" by the curtesy in the premises described in the bill; that he alone is in possession, accompanied by the presumption that his possession is lawful, and that the complainants prosecute their cause to have the entire premises sold in partition without the defendant's consent.
And so, lacking any basis for a contrary or divergent inference concerning the character of the defendant's interest in the property, I feel constrained to respect the allegation that there is in the lands and premises an "estate" by the curtesy "owned by Vincent Mancuso," the defendant.
It has been heretofore determined that where the land is in possession of a tenant by the curtesy, the law of this state does not permit a decree for its partition without the consent of such tenant. R.S. 2:71-67; N.J.S.A. 2:71-67; Portnow v. Portnow,90 N.J. Eq. 570; 107 Atl. Rep. 148; Walker v. Bennett, 107 N.J. Eq. 151; 152 Atl. Rep. 9. *Page 325 
I am, however, conscious of the propriety of inquiring whether there have since been innovations in our statutory law which intrinsically remodel the subject-matter of the present case and render it essentially distinguishable from that on foot in the adjudications last cited.
It is noticeably evident that this defendant acquired his interest in the premises or right thereto subsequent to the enactment of the acts of 1927 and 1928. P.L. 1927 p. 128, amended P.L. 1928 p. 380, both effective January 1st, 1929;R.S. 3:37-2; N.J.S.A. 3:37-2; Alt v. Kwiatek, 128 N.J. Eq. 469; 17 Atl. Rep. 2d 161.
Perhaps the assumption may be properly indulged that under the applicable legislation there is now a complete analogy between the inchoate rights of dower and of curtesy, and that dower and curtesy consummate are now on a parity. Cf. R.S. 3:37-1, 2, 4;N.J.S.A. 3:37-1, 2, 4; R.S. 3:38-20; N.J.S.A. 3:38-20; Brasko v.Duchek, 127 N.J. Eq. 567; 14 Atl. Rep. 2d 477.
Acknowledging then that the estate by the curtesy has been diminished in its proportions to the present equivalent of an estate in dower, the complainants do not thereby escape the same fundamental pedestal of the decisions, for in the case of a tenant in dower it was stated in Radley v. Radley, 78 N.J. Eq. 170; 78 Atl. Rep. 194: "The decisions in this state upon the question involved are against the view that lands assigned to a tenant in dower may be sold in partition at the suit of tenants in common without her consent." In the circumstances literally displayed by the pleadings, the bill is not maintainable.
To venture out of bounds, it can be imagined from some of the citations in the brief that the complainants in their bill have inaccurately characterized the interest of the defendant, and that he does not yet "own" an estate by the curtesy. Perhaps the building on the premises possessed and occupied by the defendant is the mansion house of his deceased spouse. See (Quarantine)R.S. 3:37-4; N.J.S.A. 3:37-4. Perchance, the defendant's tenancy by the curtesy has not been admeasured and determined "in the same manner and according to the same procedure and subject to the same limitations *Page 326 
and restrictions as is provided by law in case of dower." R.S.3:37-2; N.J.S.A. 3:37-2, and R.S. 3:38-20; N.J.S.A. 3:38-20. I would suppose that if such conjectures were to be hypothetically assumed, it would then follow that the defendant is destitute of any freehold estate in the premises and by analogy to the intermediate situation of a widow entitled to dower, the defendant has only a "right," "benefit," "privilege," "inchoate expectancy," "chose in action" temporary and fugitive in purpose akin to that of a widow to whom dower has not been assigned.Spinning v. Spinning, 41 N.J. Eq. 427; 5 Atl. Rep. 278;affirmed, 43 N.J. Eq. 215; 10 Atl. Rep. 270; McLaughlin v.McLaughlin, 22 N.J. Eq. 505; Tenbrook v. Jessup, 60 N.J. Eq. 234; 46 Atl. Rep. 516; Den ex dem. Smallwood v. Bilderback,16 N.J. Law 497.
If in actuality the facts are in that posture, it becomes at once apparent that in the present cause all persons having estates as co-tenants or otherwise in the premises are parties complainant, and that Mancuso, the widower, who is the sole party defendant, does not, in such a situation, occupy the status of a co-tenant, tenant in common, or co-parcener. 5 Pom. Eq. Rem.
(2d ed.) §§ 703, 704.
A decree will be advised dismissing the bill. *Page 327