THE CENTENARY FUND AND PREACHERS' AID SOCIETY OF THE NEW JERSEY ANNUAL CONFERENCE OF THE METHODIST EPISCOPAL CHURCH, trustee, under the last will and testament of Ezra B. Lake, deceased,

*v.*

MARTHA H. LAKE et al.

[Submitted March 25th, 1907. Decided March 29th, 1907.]

1. The provision in a will, "I do hereby will and bequeath unto * * * all my real estate and personal property not disposed of in some other way," carries the legal title to the real estate referred to, since the word "bequeath," when expressly applied to real estate, is equivalent to the word "devise," and under *3 Gen. Stat. p. 3763 § 35*, words of inheritance are made unnecessary.

2. Where an absolute power of sale is given in a will, no condition subsequent or limitation in trust can be held operative against a title emanating under a proper exercise of the power, since the power of sale *ex proprio vigore* subordinates the condition.

On bill for the construction of the will of Ezra B. Lake. Heard on bill, answer, replication and proofs.

*Mr. S. Stanger Iszard,* for the complainant.

*Messrs. Bleakly & Stockwell,* for the defendants.

LEAMING, V. C.

I find no uncertain features touching this will. The intention of the testator appears to me to be clearly manifest throughout.

The expression, "I do hereby will and bequeath unto * * * all of my real estate and personal property not disposed of in some other way," carries the legal title to the real estate referred to. The word "bequeath," when expressly applied to real estate, is uniformly treated as the equivalent to the word "devise," and

words of inheritance are made unnecessary by *3 Gen. Stat. p. 3763 § 35.*

The apprehensions which appear to have arisen by reason of the forfeiture clauses contained in the will are equally groundless. It is entirely immaterial whether these clauses be treated as conditions subsequent or as limitations in trust, for where an absolute power of sale is given no condition subsequent can be held operative against a title emanating under a proper exercise of the power. An intention upon the part of testator to authorize a sale subject to conditions subsequent is an impossible conception. The power of sale *ex proprio vigore* subordinates the condition.

The power of sale is equally clear. Testator expressly authorizes the sale of real estate when there is insufficient cash on hand to pay the fixed charges. The testator also clearly expresses his purpose that the proceeds of sales of real estate shall be preserved intact, except as to the temporary use of such proceeds in anticipation of revenues to be received from other sources to supply the proceeds thus temporarily used. To comply with this requirement it is now manifestly necessary to sell all the real estate in order that its value may be made revenue producing, and thus afford a fund from which the fixed charges can be paid.

I entertain no doubt as to the power to sell the entire real estate at either public or private sale, and to confer an absolute title upon the purchasers.