In the matter of the estate of CHARLES G. DIAMENT.

[Decided March 4th, 1918.]

A codicil is not a revocation of a will but a republication thereof except as altered; and where a testator executed a will and three codicils, and afterward revoked the last codicil, the will and the first two codicils were properly admitted to probate and the third codicil properly rejected.

On appeal from a decree of the prerogative court.

*Mr. Rex A. Donnelly* and *Mr. John W. Wescott*, for the appellant.

*Mr. Leroy W. Loder* and *Mr. James S. Ware*, for the respondents.

The opinion of the court was delivered by

SWAYZE, J.

The question arises on the offer to probate the will and codicils of Charles G. Diament. The orphans court admitted to probate the will and the two earliest codicils and rejected the last codicil.

The prerogative court affirmed the decree.

The last codicil was not produced. We are satisfied, as the lower courts were, that the testator destroyed this codicil with intent to revoke it. The question presented is what effect this had upon the will and the two earlier codicils. The case was treated in the lower courts and argued here as if it were a case of the revocation of an earlier by a later will and the subsequent cancellation of the latter. Such is not the situation.

A codicil is so far from being a revocation of any existing will and codicils that it is a republication thereof except as altered and frequently, as in the first codicil to the present will, ratifies and confirms the former document except so far as altered. Republication by a codicil was most important before the statute provided that a will might pass real estate acquired after its execution. How important this effect of a codicil still is may be seen by a glance at Jarman's chapter on Republication. *1 Jarm.* (*R. & T.*) *362.*

We have, then, instead of the somewhat difficult question of the effect of the cancellation of a later will upon an earlier one, the comparatively simple question of the construction of a will thrice republished, and codicils republished, one of them once and one of them twice.

We may treat the case as if all three codicils were actually before us with the last duly canceled by the testator. The result is simple. The third codicil must be rejected even as the canceled portions of Frothingham's will were rejected. *Frothingham's Case, 76 N. J. Eq. 331.*

Let the decree be affirmed, with costs.

*For affirmance*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.