This petition is filed under the Declaratory Judgments act (P.L. 1924 p. 312 ch. 140), and prays a decree declaring the rights of the parties complainant and defendant with respect to certain lands therein described, and this involves the construction of the will of Kate A. Miller, who died on March 7th, 1915, seized of the premises in question. The only section of the will which is pertinent to this issue is as follows:
"First. After all my lawful debts are paid, I give, and bequeath to my husband during his life and so long as he shall remain a widower, *Page 763 
the use of all the rents, issues, profits of property situated in the township of Neptune, Monmouth county, known as 107 South Main street, consisting of one house and lot fronting on South Main street, and two houses in rear on said lot, and all the household and personal goods, and after his decease or remarriage, I give and bequeath the same to my three children, Howard Matthews, Amanda G. Talman, Alta K. Johnson, if they should be living at the time of the decease or remarriage of my husband, William R. Miller, and if any of the above-named children should be deceased at the time of his death, then their share to go to their children, and after his decease or remarriage, I direct my executors to sell the same and divide between my children equally as mentioned above."
The petitioners are executors of this will. They have entered into a contract for the sale of the premises in question. The right of the petitioners to a decree declaratory of the rights of the parties other than the defendant Randolph G. Talman is not disputed. There would seem to be no question as to the right of the petitioners to such a declaratory decree under the act referred to. Indeed, such a decree might have been had under the Chancery act. P.L. 1915 p. 184 § 9. See In re Ungaro,88 N.J. Eq. 25.
The defendants Amanda G. Talman and Alta K. Johnson are two of the children of testatrix referred to in the clause of the will above quoted. The defendant Randolph G. Talman is the husband of Amanda G. Talman, and claims to be the lessee of the premises in question. The defendant Augusta Matthews is the wife of the petitioner Howard Matthews, who is one of the three children of testatrix named in said clause of the will.
In my judgment, Howard Matthews, Amanda G. Talman and Alta K. Johnson, the three children of the testatrix, are seized in fee of the premises in question, the life estate having terminated on the death of William R. Miller. The word "bequeath," when expressly applied to real estate, is equivalent to the word "devised," and words of inheritance are unnecessary under 4Comp. Stat. p. 5873 § 36. Campbell v. Cole, 71 N.J. Eq. 327;Society v. Lake, 72 N.J. Eq. 808. The estate of Howard Matthews, Amanda G. Talman and Alta K. Johnson, however, is subject to the power of sale *Page 764 
given to the executors, and a sale by the executors under the terms of the will is mandatory.
This court is also asked to declare the rights of the defendant Randolph G. Talman as lessee, but there is nothing before the court on which such rights could be determined, even if it were proper for the court on this application to determine those rights. There is no issue here involving the right of possession of this defendant. Whatever rights this defendant has are properly determinable in a court of law, as it does not appear that his rights as lessee are involved in the contract of sale.
I will advise a decree in accordance with these conclusions.