The bill is filed by complainant, individually and as executrix of S. Thackara Haines, deceased, for the construction *Page 38 
of the will of the said decedent, and an adjudication of complainant's rights thereunder.
The will gives the entire residuary estate, real and personal, after the payment of debts and expenses, to complainant, as testator's wife —
"to use, enjoy and dispose of during the term of her natural life, and to will the balance at her decease as she shall deem best, provided she remains my widow after my decease during the remainder of her life; but in case of her remarriage, I give * * * to her one-half the residue of my estate and the other half * * * to my two daughters, Elizabeth * * * and Dorothy," in equal shares.
Then follows a provision that if either daughter should die before such "division" of the estate, the survivor shall take her share, unless the daughter so dying leaves issue — in which event such issue takes.
The two daughters survived and are still living — and are parties to this suit. One is a minor, and counsel has been designated actively to represent her interests.
There is no question here, as there was in Weaver v.Patterson, 92 N.J. Eq. 170, and in Long v. Katzenbach,3 N.J. Mis. R. 29, as to whether or not the life tenant is given by implication a power of disposal. In the will sub judice such power is expressly given (testator says that she may not only use and enjoy but dispose of the entire estate during her life, and may dispose by will of any balance undisposed of during her life), but to this express power is linked a condition.
The gift for life, with the power of disposal during life or by will, are all coupled with the condition "provided she remains my widow * * * during the remainder of her life." And the executory gift to the daughters in the event of the wife's remarriage is clearly and definitely expressed, and comprises one-half of his residuary estate.
The important question obviously is as to whether the complainant, individually, can convey good title to the real estate. There is no power of sale, express or implied, given to complainant as executrix. Can the complainant, under the language of the will, convey an indefeasible title to a *Page 39 
purchaser, or only a title that is subject to defeasance if she should subsequently remarry? Is the express power of disposal restricted by the condition subsequent as to remarriage?
In Centenary Fund c., v. Lake, 72 N.J. Eq. 808,
Vice-Chancellor Leaming holds that conditions subsequent limiting a power of sale cannot be held operative against a title emanating under a proper exercise of the power — saying that "an intention upon the part of testator to authorize a sale subject to conditions subsequent, is an impossible conception," and the determination was followed in Westfield Trust Co. v. Beekman,97 N.J. Eq. 140.
The circumstances of the instant case are different from those in either of the two cases cited: the power of sale is here given not to a trustee in trust but to the widow for her own benefit. Yet the reasoning seems equally forceful.
Two things were intended, and expressed, by the testator. One was to give his wife the power of disposal, and the other was that she should not remarry, and that if she remarried the power of disposal as to one-half the estate should terminate. There is no doubt, of course, but that if she should remarry, she would thereafter have no power of disposal of the entire estate.
But it is also certain that his clearly expressed intent that she should have the power to dispose of the entire estate unless she should remarry, must be given equal force and meaning. Obviously if a purchaser from her ran the risk of afterwards losing his title on the contingency of her subsequent remarriage, no one would purchase and she would therefore, as a practical matter, have no power of disposal, notwithstanding she never intended to remarry and never in fact did remarry. It is clear that this could not have been testator's intent.
It must be deemed, therefore, that he has given her a power of sale which terminates on the contingency of her remarriage, but which may be exercised until so terminated — and which gives her the right and ability, upon her so exercising it, to convey an indefeasible title notwithstanding she might subsequently remarry. *Page 40 
In the event of a subsequent marriage, after exercising the power of sale, she would, of course, by implication and operation of law become a trustee for the benefit of the daughters, of one-half the proceeds of sale.
Application for counsel fee may be made on behalf of the minor defendant.