ALFRED J. BOHNY, PLAINTIFF-APPELLEE, v. ASSOCIATED DYEING AND PRINTING CORPORATION AND CHARLES A. ENSSLE, DEFENDANTS-APPELLANTS.

Submitted October term, 1933—Decided February 20, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellee, *William V. Rosenkrans* (*Samuel Baten,* of counsel).

For the appellants, *Emanuel Shavick* (*Paul Rittenberg,* of counsel).

PER CURIAM.

The plaintiff below had a judgment for personal injuries and property damage arising out of a collision between his automobile and the defendant's auto truck. One party defendant was designated in the process as "Associated Dyeing and Printing Corporation" when, as a matter of fact, it should have been designated as "Associated Dyeing and Printing Company, Incorporated." The driver of the truck that was involved in the accident was named as the other defendant.

We gather from the record that this mistake in the name of the party defendant was not discovered by anyone before or at the trial and not until after judgment had been awarded the plaintiff. We further gather that it is not disputed that there was a concern known as Associated Dyeing and Printing Corporation which had, prior to the time of the accident, gone into bankruptcy proceedings and had conveyed its assets to the Associated Dyeing and Printing Company, Incorporated, which conveyance also was made before this automobile accident.

This case was tried by the court without a jury and after judgment was entered plaintiff's counsel, on notice and affidavits, asked to have the judgment amended "by changing the name of the defendant * * * for the reason that the Associated Dyeing and Printing Company, Incorporated, was erroneously named in the summons and complaint and pleadings in the cause as Associated Dyeing and Printing Corporation," which amendment the court allowed on July 10th, 1933. This action on the part of the trial court is made a ground of appeal, the appellant contending that it was error for the trial court to have granted the order amending this judgment. The appellant urges that the trial court had no authority to make the order at the time it was made, pointing out that the judgment was recovered on May 23d, 1933, and that notice and grounds of appeal were served upon the respondent the following day and filed in the office of the clerk of Passaic county on June 5th, 1933.

From the record before us, we consider that it is undisputed that the truck, which occasioned the injury and damage to

the plaintiff, was in fact the property of the Associated Dyeing and Printing Company, Incorporated, and, further, that Enssle was its employe. The appellant takes the position, under this point, that the mere filing of the notice of appeal, after judgment in the court below, ousted the trial court of all control over that judgment. It will not be denied that had a motion been made at the trial to correct the stated corporate name of the defendant, before or during the trial, such motion would have been granted as of course; nor is it disputed but that the *actual* defendant was in court, although brought in by an inaccurately stated title; nor is it claimed that its rights in any way suffered by the formal error in stating its name. It is not argued that there is a scintilla of evidence in this appellant's favor on the merits of the case which was not presented to and received the attention of the court, or that any evidence in its favor existed which was not brought out at the trial. We think the amendment was purely formal and that no substantial right of the appellant was infringed by the order of amendment. Considering the issue very sharply, it seems to us that the action of the court below, in making the amendment, was not harmful to the defendant nor indeed was it error. The amendment was made during the term of the court in which the case was tried. Courts have control over their own judgments. After appeal has been taken, a court may still amend its judgment where the amendment is formal only. 23 *Cyc.* 862; *Fraley* v. *Feather,* 46 *N. J. L.* 429; 15 *R. C. L.* 681, § 132; *Kindel* v. *Beck, &c., Lith. Co.,* 24 *L. R. A.* 311

Here the appellant indisputably was the successor to the old corporation which had almost the same name before it went into bankruptcy. It was its successor in fact, if not in law. The affidavit on this motion for amendment, submitted by the president of the real corporate defendant, says, "the present company purchased its assets from the receivers of the Associated Dyeing and Printing Corporation." He likewise admits that James Wiley, the treasurer of this present dyeing and printing company, was likewise the treasurer of the bankrupt company of similar name. The appellant further argues that the effect of the amendment was to add a new

cause of action and substitute a new party defendant after the trial. We think this contention is unsound because in this case the real wrongdoer, as it develops, defended the case.

Our conclusion is therefore that there is no substance to this, the appellant's first point. A trial court may correct a formal error during the term in which the case was tried. This appellate court has power to make the amendment if the trial court had not done so. We think the case of *Holt* v. *United Security Life Insurance and Trust Co.,* 76 *N. J. L.* 585; 72 *All. Rep.* 301, in point. There the court said:

"Moreover, the objection, if it were valid, relates to the merest matter of form, not at all affecting the fair trial and determination of the real question in controversy; and therefore if it had been deemed tenable it ought simply to have led to an amendment in the trial court, or, failing that, in this court, under the very liberal policy prescribed by our Practice act respecting amendments. *Pamph. L.* 1903, *p.* 572, § 126; *American Life Insurance Co.* v. *Day,* 10 *Vr.* 89, 91; *Farrier* v. *Schroeder,* 11 *Id.* 601; *Blackford* v. *Plainfield Gaslight Co.,* 14 *Id.* 438, 442; *Ware* v. *Millville Fire Insurance Co.,* 16 *Id.* 177, 179; *Finegan* v. *Moore,* 17 *Id.* 602, 604; *Jones* v. *Cook,* 25 *Id.* 513, 517; *Monmouth Park Association* v. *Warren,* 26 *Id.* 598, 601; *Vunk* v. *Raritan River Railroad Co.,* 27 *Id.* 395, 399; *Excelsior Electric Co.* v. *Sweet,* 28 *Id.* 224, 226."

The appellant urges as the second ground for reversal that the trial court erred in denying defendants' motion to direct a verdict. Let us consider the proofs.

The plaintiff was driving his car northerly on what is called Goffle road which is in the borough of Prospect Park. The defendant's truck, driven by Charles A. Enssle, was running on North Sixth street, down grade. These two streets, being used by the respective parties driving motor vehicles, cross each other at right angles. There is a traffic light at this intersection. When the plaintiff entered the intersection, he testified the light facing him was green. This testimony was corroborated. Plaintiff also testified that he looked to the right and left before entering the intersection, saw nothing on either side, and then suddenly this accident occurred, the

defendant's truck smashing into the plaintiff's automobile and causing personal injuries to the plaintiff and damage to his car. Under these circumstances, a situation arose which would support an inference that the defendant was negligent and that the plaintiff was free from contributory negligence. In any event it presented a jury question. *Podolsky* v. *Sautter*, 102 *N. J. L.* 598; 103 *Atl. Rep.* 199; *Hammersma* v. *Smith*, 110 *N. J. L.* 523; 165 *Atl. Rep.* 555.

The judgment will be affirmed, with costs.