This cause is prosecuted to obtain a construction of the last will and testament and codicil thereto of one Mary H. Gulick, in the application of those instruments to "the respective rights, titles and interests of the complainants and defendants" in the tracts of land of which the testatrix died seized, situate in the Township of Lawrence, Mercer County, and particularly described in the bill of complaint.
The following is a transcription of the pertinent articles of the will:
"First: I direct all my just debts and funeral expenses to be paid as soon as may be reasonable after my decease.
"Second: I give, devise and bequeath my homestead farm where I now reside, my jewelry, wardrobe, furniture, paintings, horses, cattle, farming utensils of all kinds and descriptions found on the old homestead farm, jointly to my two daughters, Margaret Rutherford Boice and Elizabeth Hunt Connat, during their natural lives. Upon the death of either of my said daughters, the other to have the said personal and real estate during her natural life. After the decease of my two daughters, I give, devise and bequeath the said property to my son, Bertrand L. Gulick, in trust for Bertrand L. Gulick, Jr., and William Henry D. Connat, share and share alike. Said trust shall continue until Bertrand L. Gulick, Jr., shall attain the age of twenty-five years, then to be equally divided between my two grand-sons aforesaid.
"Third: I give and bequeath all my money that I now have or may have in any bank or banks, to my son, Jacob Franklin Gulick.
"Fourth: I give and bequeath the notes which I hold against Bertrand L. Gulick to him and his heirs forever. The mortgage I hold on the farm of Bertrand L. Gulick, for Two thousand dollars ($2,000.00) to be equally divided among my four children or their heirs."
I infer that the tracts of land definitely described in the bill of complaint comprised the "homestead farm" to which *Page 405 
the testatrix referred in the second article of her will. Manifestly, the testatrix resolved to devise the farm to her two daughters, Margaret Rutherford Boice and Elizabeth Hunt Connah, "during their natural lives" and to the survivor of them for her life. The estate in remainder the testatrix devised to her son, Bertrand L. Gulick, to be held in trust for her grandsons, Bertrand L. Gulick, Jr., and William Henry D. Connah (sic
Connat), in equal shares until the grandson Bertrand L. Gulick, Jr., should have attained the age of twenty-five years, upon the occurrence of which event "the property" then to be "equally divided between" the "two grand-sons aforesaid." No vagueness or uncertainty is perceptible in the devise of the real estate by the explicit terms of the will.
It is said that the present incertitude emerges from a consideration of the codicil which reads:
"I do hereby ratify and confirm my said will, dated the twentieth day of August, Nine hundred and seven, in all respects, save so far as any part thereof shall be revoked or altered by this present codicil, and I do hereby alter my said will as follows: I do hereby revoke the demise in my said will contained to my daughters, Margaret Rutherford Boice and Elizabeth Hunt Connat, in which I entailed to them the farm, household goods, jewelry, wardrobe, furniture, paintings, horses, cattle, farming utensils of all kinds and descriptions, found on the old homestead farm, and I do hereby remove the entailment from said farm, and do hereby give and bequeath that part of the farm lying north of the road leading from Mr. Brown's to Phillip Johnson's, adjoining the Johnson trolley line, to my son, Jacob Franklin Gulick. And I do hereby revoke the devise in my said Will contained wherein I direct the mortgage for two thousand ($2,000.00) dollars, which I hold on the farm of Bertrand L. Gulick to be equally divided among my four children or their heirs, and I do hereby give and bequeath the said mortgage to my said son, Bertrand L. Gulick, hereby ratifying and confirming that part of my said Will wherein I give and bequeath to my said son, Bertrand L. Gulick, the notes which I hold against him.
"I hereby direct that the small house which I now own at Bradley Beach, and its contents, to be offered to my daughter, Elizabeth Hunt Connat, for the sum of two thousand dollars ($2,000.00) and if she does not accept the offer the said house and contents is to be sold by my executors and go into the residue of my estate.
"And I do hereby revoke that part of my Will wherein I give and bequeath `all my money that I now have or may have in any bank or banks, to my son, Jacob Franklin Gulick,' and I I do hereby direct *Page 406 
that the money I may have in any bank or banks shall go into the residue of my estate and after all my debts are paid to be equally divided among my four children, Margaret Rutherford Boice, Elizabeth Hunt Connat, Jacob Franklin Gulick and Bertrand L. Gulick.
"And I do hereby revoke all former and other codicils by me at any time heretofore made.
"In Witness Whereof, to this present writing, which I hereby declare to be a codicil to my last Will and Testament, and which I direct to be added thereto, and to be taken as part thereof, I have set my hand and seal this second day of July, nineteen hundred and fourteen."
It is basically significant to notice that at the inception of the foregoing writing, the testatrix stated: "I do hereby ratify and confirm my said will * * * in all respects, save so far as any part thereof shall be revoked or altered by this present codicil * * *" and at the conclusion the testatrix expressly declared "this present writing * * * to be a codicil to my last Will and Testament and which I direct to be added thereto, and to be taken as part thereof * * *."
Here, the testatrix has herself distinctly prescribed the application of the established rule that her will and codicil shall be construed as one complete document, and in such construction the codicil shall not be permitted to disturb the disposition of the will more than is necessary to give effect to the codicil. In re Diament's Estate, 88 N.J. Eq. 552;103 Atl. Rep. 199; Thomas v. Scheible, 91 N.J. Eq. 451;111 Atl. Rep. 519; McGill v. Trust Company of New Jersey, 94 N.J. Eq. 657;121 Atl. Rep. 760; modified on other grounds, 96 N.J. Eq. 331;125 Atl. Rep. 108; Gillespie v. Gillespie, 96 N.J. Eq. 501;126 Atl. Rep. 744; affirmed, 98 N.J. Eq. 413; 129 Atl. Rep. 922;Herbert v. Central Hanover Bank and Trust Co., 131 N.J. Eq. 330; 25 Atl. Rep. 2d 7; affirmed, 132 N.J. Eq. 445;28 Atl. Rep. 2d 544.
An analytic and contrastive examination of the will and codicil does not seem to me to be productive of complexity. The "homestead farm" so designated in the will and in the codicil is acknowledged to be the same property. The testatrix by her codicil effectively revoked the devise of life estates therein to her two daughters theretofore bestowed upon them *Page 407 
by her will. The use of the word "entailed" in the clause "which I entailed to them" and of the word "entailment" in the subsequent clause "I do hereby remove the entailment from said farm" was in each instance inapt. Although I have always assumed that as a general rule life estates may not be entailed, yet in the present codicil the use of such words, however inexpedient, is in the light of the context assuredly expository of her intention to revoke only the devise of the life estates of the daughters which, as the testatrix expressed it, had been "entailed to them." The "entailment" which the testatrix decided to "remove from the farm" was the "entailment to them."
The codicil plainly exhibits the intention of the testatrix to devise to her son, Jacob Franklin Gulick, that portion of the farm "lying north of the road leading from Mr. Brown's to Phillip Johnson's, adjoining the Johnson trolley line." I do not understand that there is any doubt or diversity of opinion concerning the clarity or effectiveness of that devise. True, the testatrix employed in that disposition of real estate the clause "do hereby give and bequeath that part of the farm * * *." Where the word "bequeath" is obviously applied by the testatrix to real estate, it is in import the equivalent of the word "devise."Johnson v. Talman, 99 N.J. Eq. 762; 134 Atl. Rep. 357.
I am unable to suppose from the fashion of the codicil that the testatrix in the preparation of it intended to devise one portion of the farm absolutely in fee to her son Jacob and in addition give him a one-fourth interest as a tenant in common in the other part of the farm. It is my conclusion that the portion of the homestead farm which is not devised to Jacob by the codicil was intended by the testatrix to be devised in accordance with the unaltered provisions of the second article of her will, in equal shares to her grandsons, Bertrand L. Gulick, Jr., and William Henry D. Connah.
The two documents do not display such disunity and unconformity as to permit a mere implied revocation of the entire will to overcome the expressed intention of the testatrix to the contrary.
Decree accordingly. *Page 408